### COMPTOGRAPH CO. v. SCHMALHOLZ.

(Supreme Court, Appellate Term, First Department. December 4, 1914.)

PRINCIPAL AND AGENT (§ 123*) — LIABILITY OF PRINCIPAL — CONTRACTS OF AGENT—EVIDENCE—SUFFICIENCY.

In an action for the price of an adding machine, bought by defendant's bookkeeper, evidence *held* insufficient to show that the bookkeeper was authorized to make the purchase.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 420–429; Dec. Dig. § 123.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

Action by the Comptograph Company against Edward B. Schmalholz, doing business under the name of Theodore B. Schmalholz & Son. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Edward H. Hawke, Jr., of New York City (Herbert R. Limburg, of New York City, of counsel), for appellant.

Charles Kaufmann, of New York City (Joseph J. Corn, of New York City, and J. Lester Lewine, of Fleischmanns, of counsel), for respondent.

COHALAN, J. Plaintiff sues to recover the purchase price of a second hand adding machine. The alleged sale, evidenced by a written agreement, was made through one Seymour, a bookkeeper of the defendant. This employé had been discharged by the defendant, and testified on the trial of the action that the machine, concededly on trial in the defendant's place of business, was bought by the defendant. The defendant claims that the employé had no express or apparent authority to bind him to such a contract.

The weight of the evidence seems to sustain the defendant's contention. It shows that the business was not placed in Seymour's charge, but that one Smith was the business manager thereof; that the defendant was in his place of business every day, and was there at the precise time when the agreement was signed by Seymour. Moreover, the plaintiff was informed by Seymour that the express consent of the defendant would have been necessary to purchase the machine. Under these circumstances the plaintiff dealt with the bookkeeper at its peril. People v. Brooklyn Cooperage Co., 187 N. Y. 142, 79 N. E. 866; Edwards v. Dooley, 120 N. Y. 540, 24 N. E. 827. It is significant, too, that the written agreement was never shown to the defendant, and that it was not found until after the discharge of Seymour, when a prompt demand was made upon the plaintiff to remove the machine.

Judgment reversed, and new trial ordered; costs to appellant to abide the event. All concur.